IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FRANK J. KUHN, JR.**

      **Plaintiff**

v.                                             CIVIL NO. 3:08CV701

**FIA CARD SERVICES**
**Formerly BANK OF AMERICA, NATIONAL ASSOCIATION**

      **Defendant**

## COMPLAINT

COMES NOW the Plaintiff, FRANK J. KUHN, JR. (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, FIA Card Services ("FIA") is a foreign corporation doing business in the State of Virginia as a credit "furnisher".

### FACTS

5. Prior to October 12, 2006 Plaintiff obtained a copy of his credit reports and learned that FIA was reporting to Equifax and Experian, derogatory information within his credit file for

two accounts that did not belong to him. (the "FIA Reporting").

6. Plaintiff disputed the accounts with FIA and also to Equifax and Experian multiple times since October 12, 2006 and informed both Defendants that the FIA account was a forgery and not his account.

7. The FIA Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for same.

8. Defendant received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

9. Defendant had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

10. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Defendant caused Equifax and Experian to publish to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory account of FIA.

11. Upon information and belief, Plaintiff alleges that on one or more occasions Equifax and Experian forwarded Plaintiff's disputes to FIA. Upon information and belief, FIA was provided notice of Plaintiff's disputes and despite this notice, Defendant failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(A)

12. Plaintiff realleges and incorporates paragraph 1 through 11 above as if fully set out here.

13. Within two years prior to the filing of this suit, by example only and without limitation, FIA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to

fully and properly investigate the Plaintiff's dispute of the FIA representation.

14. As a result of this conduct, action and inaction of FIA, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

15. FIA's conduct, action and inaction was willful, rendering FIA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, FIA was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

16. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FIA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(B)

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set out herein.

18. Within two years prior to the filing of this suit, by example only and without limitation, FIA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

19. As a result of this conduct, action and inaction of FIA the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

20. FIA's conduct, action and inaction was willful, rendering FIA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, FIA was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

21. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FIA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15U.S.C. 1681s-2(b)(1)(C)and(D)

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

23. Within two years prior to the filing of this suit, by example only and without limitation, FIA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the FIA representation within Plaintiff's credit file with Equifax and Experian without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

24. As a result of this conduct, action and inaction of FIA the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

25. FIA's conduct, action and inaction was willful, rendering FIA liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, FIA was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

26. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FIA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

FRANK J. KUHN, JR.

By _____
                    Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
   *Counsel for Plaintiff*